**CE-94-906** 1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| DORAL MORTGAGE CORP.<br>        Demandante-recurrido<br><br>        V.<br><br>PABLO ALICEA<br><br>        Demandado<br><br>CONDOMINIO DOS MARINAS I<br><br>        Interventora-peticionaria | Certiorari<br><br>99TSPR31 |

Número del Caso: CE-94-906

Abogados de la Parte Peticionaria: Lic. Marcelino García Benítez

Abogados de la Parte Recurrida: Lic. Ulpiano F. Crespo

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior, Sala de Humacao

Juez del Tribunal de Primera Instancia: Hon. Reinaldo De León Martínez

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 3/24/1999

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

En el Tribunal supremo de puerto rico

Doral Mortgage Corp.

    Demandante-recurrido

      v.                      CE-94-906

Pablo Alicea

    Demandado

Condominio Dos Marinas I

    Interventor-peticionario

**SENTENCIA**

**En San Juan, Puerto Rico, a 24 de marzo de 1999**

El Condominio Dos Marinas I solicitó intervención en el pleito de epígrafe ante la antigua Sala de Humacao del extinto Tribunal Superior de Puerto Rico. Dicho foro le concedió a las partes el término de quince (15) días para que se expresaran. Nadie lo hizo; el tribunal de instancia accedió a la solicitud de intervención.

Luego de que se permitiera la intervención, la demandante-recurrida, Doral Mortgage Corp., solicitó que se declarara sin lugar la misma. Ante dicho pedido, el tribunal de instancia reconsideró su anterior determinación, procediendo entonces a declarar "sin lugar" la solicitud de intervención que antes había permitido. Inconforme con esta determinación, acudió ante este Tribunal el

Condominio Dos Marinas I, imputando al foro de instancia haber errado al así actuar.

Concedimos término a la parte demandante-recurrida para que mostrara causa por la cual este Tribunal no debía expedir el auto solicitado y dictar Sentencia revocatoria. Dicha parte ha comparecido en cumplimiento con la orden emitida. Su comparecencia nos convence de que procede la confirmación de la resolución recurrida. Veamos.

## I

Aunque lo ideal es que las determinaciones de los tribunales sean consistentes, nada en nuestro ordenamiento jurídico, ni en nuestra jurisprudencia interpretativa, impide que un tribunal reconsidere sus determinaciones. Después de todo, como dispone la Regla 1 de Procedimiento Civil[1], las reglas "[s]e interpretarán de modo que garanticen una solución justa, rápida y económica en todo procedimiento".

Además, en vista de que Doral Mortgage Corp. fue un adquirente involuntario, no procedía la solicitud de intervención en ninguna de sus modalidades, esto es, intervención como cuestión de derecho o permisible. Acorde con nuestra jurisprudencia, el rol de Doral es análogo al de un adquirente involuntario. Siendo ello así, a la luz de la situación fáctica de este caso, el Condominio Dos Marinas I, no tenía causa de acción a su favor.

Por los fundamentos anteriormente expuestos, se dicta Sentencia confirmatoria de la resolución emitida por la antigua Sala de Humacao del extinto Tribunal Superior de Puerto Rico.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió Opinión concurrente. Los Jueces Asociados señora Naveira de Rodón y señor Fuster Berlingeri concurren en el resultado sin opinión escrita. El Juez Asociado señor Hernández Denton inhibido.

                                    **Isabel Llompart Zeno**
                               **Secretaria del Tribunal Supremo**

---

[1] **32 L.P.R.A. Ap. III R.1.**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Doral Mortgage Corp.

     Demandante-recurrido

        vs.

Pablo Alicea         CE-94-906    CERTIORARI

     Demandado

Condominio Dos Marinas I

     Interventor-peticionario

OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

En San Juan, Puerto Rico, 24 de marzo de 1999

Durante el año 1990, el Banco Popular de Puerto Rico instó acción sobre cobro de dinero y ejecución de hipoteca contra Pablo Alicea, titular del apartamiento número 2503 del Condominio Dos Marinas I, localizado en Fajardo. El 31 de enero de 1991, el antiguo Tribunal Superior, Sala de Humacao, dictó sentencia a favor del Banco Popular de Puerto Rico ("Popular").

La primera subasta quedó señalada para el 13 de agosto de 1991. La misma, sin embargo, no fue efectuada; se postergó el asunto para el 3 de octubre de 1991. Así las cosas, Doral Mortgage ("Doral") informó al tribunal de instancia que había otorgado un contrato de cesión con Popular

mediante el cual Doral satisfizo el importe de la sentencia adjudicada a favor del Popular; solicitó que se llevase a cabo la correspondiente sustitución de parte.[2] Además, Doral pidió autorización del tribunal para licitar a crédito en la referida subasta.

Luego de varios incidentes procesales, Doral solicitó que se expidiese un aviso de subasta pública. Así se hizo, señalándose la misma para el 14 de abril de 1994. Sin embargo, esta subasta no se realizó. El 14 de abril de 1994 se expidió otro aviso de subasta pública. La primera subasta quedó señalada para el 26 de mayo de 1994.

El 9 de mayo de 1994, el Condominio Dos Marinas I ("Condominio") solicitó intervenir en el pleito. Planteó que el inmueble en cuestión debía cuotas de mantenimiento y su porción correspondiente a una derrama aprobada por la Junta de Condómines. Argumentó que, al satisfacer el monto de la sentencia al Popular, al sustituir a éste como demandante y luego licitar a crédito en la subasta, Doral se convirtió en adquirente voluntario de los derechos y deberes del inmueble. Por ello, según el Condominio Dos Marinas I, Doral era responsable de los haberes que Pablo Alicea le debía al mismo.

El tribunal concedió a las partes 15 días para que se expresaran sobre la referida solicitud.

La subasta señalada para el 26 de mayo se efectuó. La propiedad fue adjudicada a Doral siendo éste el único licitador.[3] Por otro lado, ante la falta de oposición a la solicitud de intervención, el tribunal accedió a la misma el 10 de junio de 1994.

Casi cinco meses más tarde, luego de que el tribunal había accedido a la intervención, Doral solicitó la desestimación de la intervención. El tribunal, revocando su anterior determinación, declaró "sin lugar" la solicitud de intervención el 18 de noviembre de 1994.

Oportunamente, el Condominio solicitó reconsideración de dicho dictamen. Ante la inacción del tribunal, los interventores radicaron el presente recurso. En síntesis, plantean que erró el tribunal de instancia al declarar sin lugar la intervención que previamente había sido acogida. Aducen que la determinación original del tribunal, al permitir la intervención era final y firme, toda vez que la misma no fue objeto de revisión.

El 24 de febrero de 1995, este Tribunal ordenó a los demandantes-recurridos que mostraran causa por la cual no debía expedirse el auto de certiorari solicitado y dictar Sentencia revocatoria de la resolución recurrida. En cumplimiento de dicha orden, ha comparecido Doral.

I

De un examen de la solicitud de intervención sometida por el Condominio, se desprende que su pedido descansaba en el hecho de que el apartamiento en cuestión adeudaba, entre otras cosas, cuotas de mantenimiento. Además, señalaron que tenían un derecho indiscutible a intervenir pues no se había vendido el apartamiento en pública subasta. En fin, adujeron que toda vez que Doral satisfizo el importe de la Sentencia a Popular, aquél se convirtió en adquirente voluntario y, por ende, responsable al Condominio por las deudas del titular.

La intervención es la institución procesal mediante la cual un tercero comparece, voluntariamente o por necesidad, solicitando ser incluido en una acción pendiente ante los tribunales.[4] El solicitante presenta una reclamación o defensa y, de

---

[2] Aunque las mociones tienen fecha de 3 de octubre de 1991, la única que tiene el matasello del tribunal refleja que fue radicada el 13 de noviembre de 1991. Apéndice VI del recurrido.

permitirlo el foro, se convierte de ese modo en parte para fines de la reclamación o defensa presentada. El Condominio

presentó su solicitud de intervención bajo la Regla 21.1(b) y 21.2(b) de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III.

Éstas regulan la intervención como cuestión de derecho y de forma permisible, respectivamente. En lo pertinente, las mismas

disponen que:

Regla 21.1 Como cuestión de derecho.

**"Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito**

**(a)...; o**
**(b) cuando el solicitante reclama algún derecho o interés en la propiedad o asunto objeto del litigio que pudiere de hecho quedar afectado con la disposición final del pleito."**

**Regla 21.2. Intervención permisible.**

**"Mediante oportuna solicitud podrá permitirse a cualquier persona intervenir en un pleito:**

**(a)...; o**
**(b) cuando la reclamación o defensa del solicitante y el pleito principal tuvieren en común una cuestión de hecho o de derecho. Cuando una parte base su reclamación o defensa en cualquier ley u orden ejecutiva cuya ejecución está a cargo de un funcionario o agencia gubernamental o en un reglamento, orden, requerimiento o acuerdo promulgado, expedido o celebrado de acuerdo con dicha ley u orden ejecutiva, podrá permitírsele al funcionario o agencia intervenir en el pleito mediante solicitud oportuna. Al ejercer su discreción, el tribunal considerará si la intervención dilatará indebidamente o perjudicará la adjudicación de los derechos de las partes originales."**

El criterio para determinar si se reconoce o no a un peticionario el derecho de intervención es práctico y no

conceptual. Ready Mix Concrete Inc. v. Ramírez de Arellano y Co., Inc., 110 D.P.R. 869, 873 (1981). Es decir, está limitado

por criterios, tales como los siguientes: (1) si existe de hecho un interés que amerite protección; y (2) si quedaría afectado,

como cuestión práctica, por la ausencia del interventor en el caso. La determinación final depende del balance a lograrse entre

el interés en la economía procesal, representada por la solución en un solo pleito de varias cuestiones relacionadas entre sí, y el

interés en evitar que los pleitos se compliquen y eternicen innecesariamente. Chase Manhattan Bank v. Nesglo, Inc., 111

D.P.R. 767, 770 (1981).

Las Reglas 21.1 & 21.2 actuales, corresponden, en parte, a las 24(a) & (b) de las Reglas de Procedimiento Civil

Federales. Nuestras disposiciones reglamentarias expanden, de forma considerable, el ámbito de la intervención. Por ejemplo,

en cuanto a la intervención como cuestión de derecho "...ya no es necesario que el solicitante demuestre, contrario a la norma

---

[3] Anejo X, XI y XII del demandante-recurrido.

[4] R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, 1997, Michie, Puerto Rico, §1303, pág. 121. Además, véase J. Cuevas Segarra, Práctica Procesal Puertorriqueña, 1979, Publicaciones J.T.S. Inc., Capitulo IV, págs. 108 y ss.

federal, que la representación de su interés por las partes en litigio no es adecuada. Se elimina también el requisito establecido por la jurisprudencia de que el solicitante pueda estar luego impedido por una sentencia bajo la doctrina de cosa juzgada. Se ha intentado impartir a la Regla la máxima flexibilidad". Chase Manhattan Bank v. Nesglo, Inc., ante, a la pág. 770. Así, en Ready Mix Concrete Inc. v. Ramírez de Arellano y Co., Inc., este Tribunal permitió la intervención de una aseguradora de unos inmuebles contra los cuales se anotó un embargo en el Registro de la Propiedad.

Irrespectivamente de qué tipo de intervención --como cuestión de derecho o permisible-- solicitó el Condominio, lo cierto es que el tribunal, ante la falta de oposición, accedió al pedido.[5] Por ello, en nuestra opinión, el asunto ante nos se reduce a determinar si luego de haber admitido a la Junta de Condómines como interventores, podía el tribunal declarar "sin lugar" la solicitud de intervención.

El planteamiento que subyace en los argumentos del Condominio es que una vez el tribunal accedió a su solicitud, y la misma no fue objeto de reconsideración ni de revisión, su admisión al pleito como interventor constituye la "Ley del Caso". Es decir, el asunto de la intervención advino final y firme por lo que no podía ser alterado por una determinación posterior del tribunal.


II

"Los derechos y obligaciones adjudicados en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso,...". In re: Tormos Blandino, Opinión y Sentencia de 28 de marzo de 1994, citando a U.S.I. Properties Inc. v. Registrador, 124 D.P.R. 448 (1989). Dicho de otra manera, de ordinario los planteamientos que han sido objeto de adjudicación por el foro de instancia y/o por este Tribunal no pueden reexaminarse. Esos derechos y responsabilidades gozan de las características de finalidad y firmeza con arreglo a la doctrina de la Ley del Caso. Vélez Miranda v. Servicios Legales de P.R., Opinión de 21 de enero de 1998, citando a Sánchez Rodríguez v. López Jiménez, 118 D.P.R. 701, 704 (1987) (Citas omitidas).

Ello no obstante, en el pasado este Tribunal ha expresado que la doctrina de la Ley del Caso es una "...al servicio de la justicia, no la injusticia; no es férrea ni de aplicación absoluta. Por el contrario, es descartable si conduce a resultados manifiestamente injustos." Noriega Rodríguez v. Hernández Colón, Opinión y Sentencia de 30 de junio de 1992, citando a Estado v. Ocean Park Dev. Corp., 79 D.P.R. 158, 174 (1956) y otros. En esa misma línea de pensamiento, también se ha reconocido "...que si el Tribunal entiende que la ley del caso antes establecida es errónea y que puede causar una grave injusticia, ...puede aplicar una norma de derecho diferente a fin de resolver en forma justa." Noriega Rodríguez v. Hernández Colón, ante, citando a Don Quijote Hotel v. Tribunal Superior, 100 D.P.R. 19, 29-30 (1971).

Es por esto que, en nuestra jurisdicción, un juez de instancia no queda atado por sus determinaciones interlocutorias, aun cuando éstas no hayan sido objeto de reconsideración o revisión. Así, la determinación inicial del tribunal de instancia en

---

[5] En su escueta Resolución, el tribunal no indicó si admitía al Condominio de forma permisible [a su discreción] o como cuestión de derecho. Ahora bien, nuestro pronunciamiento sobre este asunto no implica que las solicitudes de intervención, ya sean como cuestión de derecho o permisibles, sean consideradas indistintamente. Cada una presenta unos rasgos particulares. Para un análisis de la intervención como cuestión de derecho y la permisible, véase Hutchings, Waiting for divine intervention: the Fifth Circuit tries to give meaning to intervention rules in Sierra Club v. City of San Antonio, 43 Vill. L. Rev. 693, (1998); R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, 1997, Michie, Puerto Rico, §1304, pág. 122-123; Cappalli, The Guest Who Came to Dinner: Intervention Practice in Puerto Rico Civil Procedure, 40 Rev. Jur. U.P.R. 461 (1971).

el presente caso, permitiendo la intervención, no le impedía retractarse luego. Lo anterior es cónsono con la decisión emitida en

Sociedad Legal de Gananciales v. Pauneto Rivera, Opinión y Sentencia de 17 de junio de 1992:

> **"... a pesar de que somos del criterio que los tribunales de instancia deben realizar el esfuerzo máximo posible por evitar la emisión de dictámenes contradictorios e inconsistentes, no existe, en principio, impedimento jurídico absoluto que privara al tribunal de instancia en el presente caso de, por decirlo así, reconsiderar su dictámen interlocutorio original..."**

**Resuelto lo anterior, debe evaluarse entonces la determinación posterior del tribunal declarando "sin lugar" la intervención antes permitida.[6]**


## III

La denegatoria de una solicitud de intervención es una orden final con respecto al solicitante. Por ello, es una determinación sujeta a revisión judicial por el foro apelativo correspondiente. Moore & Shirey, Moore´s Federal Rules Pamphlet, 1998, Mathew Bender, Vol. 6, Part I, § 24.8, pág. 245. Moore, Moore´s Federal Practice, 1998, Mathew Bender, 3rd. ed., § 24.24, pág. 85 y ss.; Thompson C., Cyclopedia of Federal Procedure, 1992, 3rd. ed., West Group, Vol. 7, pág. 83-85.

Aunque el tribunal denegó la intervención en una "resolución", en estricto derecho estamos ante una sentencia. Véase, De Jesús Maldonado v. Corporación Azucarera, Opinión y Sentencia de 29 de junio de 1998, citando a A.F.F. v. Tribunal, 93 D.P.R. 903 (1967); Banco Santander de P.R. v. Fajardo Farms Co., Opinión y Sentencia de 28 de junio de 1996; Arroyo v. Quiñones, 77 D.P.R. 513 (1954); Rodríguez v. Tribunal Municipal, 74 D.P.R. 656, 664 (1953).[7] El vehículo mediante el cual dicha sentencia es revisable es la apelación. De Jesús Maldonado v. Corporación Azucarera, ante.

El estándar de revisión en esa apelación varía dependiendo del fundamento que tuvo el tribunal al denegar la intervención. Es decir, el cedazo por el cual el foro apelativo evaluará la corrección de la determinación depende de si la intervención solicitada --y denegada-- fue hecha como cuestión de derecho o de forma permisible.[8]

Cuando el foro apelativo se enfrenta a la negativa del tribunal de instancia a permitir la intervención como cuestión de derecho --Regla 21.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III-- dicha determinación será revocada si el tribunal cometió un

---

[6] Fíjense, que el vehículo procesal utilizado por Doral para atacar la posición del Condominio fue una Moción de desestimación. No empece a esto, el tribunal, en lugar de acoger la misma y desestimar la intervención, la declaró "sin lugar".

[7] La Regla 43.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III define el término "sentencia", como cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse. Reiteradamente, este Tribunal ha resuelto que si un tribunal dicta una resolución, pero ésta verdaderamente pone fin a todas las controversias entre las partes, la misma es una sentencia final de la cual pueda interponerse recurso de apelación.

[8] Ahora bien, debemos reconocer que la distinción entre intervención --como cuestión de derecho o permisible-- y sus efectos para los efectos de la práctica apelativa, ha sido atacada por su alegada inconsecuencia práctica. Wright, Miller & Kane, Federal Practice & Procedure, 1986, West Publishing Co., § 1902, pág. 232.

error de derecho. Así, si el ordenamiento le concede un derecho a intervenir, la denegatoria será revocada. Wright, Miller & Kane, ob. cit., pág. 510; Thompson, ob. cit., pág. 35.

Por otro lado, ante una denegatoria cimentada en una solicitud de intervención permisible --Regla 21.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III--, siendo ésta una decisión discrecional, para ser revocada es necesario que el tribunal haya abusado de su discreción. Wright, Miller & Kane, ob. cit., pág. 512-513 citando a Allen Calculators, Inc., v. National Cash Register Co., 322 U.S. 137 (1944); Thompson, ob. cit., pág. 37 y ss. Además de que éste estándar de revisión es más riguroso, los detractores de este tipo de apelaciones señalan que atrasa el litigio, lo fragmenta y que siempre que el solicitante posea otros medios para hacer valer sus derechos la apelación debe ser rechazada. Levin v. Ruby Traiding Corp., 333 F. 2d 592, 594, (2nd. Cir. 1964).

Ciertamente, en cualquiera de las alternativas, para tomar tal determinación, hay que considerar los méritos de la petición. Lamentablemente, en su escrito ante este Tribunal, el Condominio no nos provee con argumentos sobre este asunto. Sin embargo, de la solicitud de intervención, y de la reconsideración del Condominio, se desprende que su "derecho" o "interés" en el pleito es la alegada existencia de una deuda. Dicha deuda consiste en las obligaciones de Pablo Alicea --titular original del apartamiento-- para con el Condominio. La punta de lanza del Condominio es que Doral, al comprar el crédito a Popular, advino un adquirente voluntario y, por ende, responsable por las obligaciones de Pablo Alicea con respecto al inmueble en cuestión.

¿Es Doral un adquirente voluntario? Si la respuesta a esta interrogante es en la negativa, la petición del Condominio se cae por su propio peso. Al considerar quién es un adquirente voluntario despuntan dos disposiciones estatutarias y dos decisiones de este Tribunal: Vázquez Morales v. Caguas Federal Savs., 118 D.P.R. 806 (1987) y Asoc. de Condómines v. Naveira, 106 D.P.R. 88 (1977). Veamos.

El Artículo 40 de la Ley de Propiedad Horizontal, Ley Núm. 104 de 25 de junio de 1958, según enmendada por la Ley Núm. 157 de 4 de Junio de 1976, 31 L.P.R.A. sec. 1293d dispone que:

"[e]l crédito contra cualquier titular por su parte en los gastos a que se refiere la sec. 1293c de este título tendrá preferencia sobre cualquier otro crédito de cualquier

naturaleza excepto los siguientes:

(a)  Los créditos a favor del Estado Libre Asociado y la correspondiente municipalidad por el importe de las cinco últimas anualidades y la corriente no pagada, vencidas y no satisfechas de las contribuciones que graviten sobre el apartamiento.

(b)  Por la prima del seguro de dos años, del apartamiento o del inmueble total, en su caso, y si fuese el seguro mutuo por los dos últimos dividendos que se hubiesen repartido.

(c)  Los créditos hipotecarios inscritos en el Registro de la Propiedad."

El Artículo 41 de la Ley de Propiedad Horizontal, según enmendado, ante, 31 L.P.R.A. sec. 1293e, impone responsabilidad solidaria al adquirente y al transmitente de un apartamiento sujeto al régimen de propiedad horizontal por las cuotas de mantenimiento no pagadas.[9]

En Vázquez Morales v. Caguas Federal Savs., ante, págs. 810-811, este Tribunal expresó que:

"[e]l texto del Art. 41 (31 L.P.R.A. sec. 1293e) tanto antes como después de las enmiendas introducidas por la Ley Núm. 157 de 4 de junio de 1976, impone responsabilidad solidaria por las sumas que adeude el titular, al adquirente voluntario, como lo es un comprador convencional, un donatario, un permutante o un licitador que se lleva la buena pro en la subasta. Resultarían adquirentes 'involuntarios' y por lo tanto exentos de la citada obligación por los gastos comunes del condominio, aquellas personas que advienen dueños del apartamiento al ejercer los créditos preferentes que señalan las letras (a), (b) y (c) del Art. 40 (31 L.P.R.A. sec. 1293d)."

En Asoc. de Condómines v. Naveira, ante, añadimos que un adquirente voluntario es un comprador convencional, un donatario, un permutante o un licitador que se lleva la buena pro en la subasta. Por último, se señaló allí que un ejemplo de un adquirente involuntario es aquél que adviene dueño al ejercer los créditos preferentes que

---

[9] El Artículo 41 ha sufrido varias enmiendas. En específico, la siguiente porción se añadió al primer párrafo: "... un adquirente involuntario será responsable solamente hasta un máximo de tres cuotas adeudadas al momento de adquirir la propiedad". Véase, Ley Núm. 153 de 11 de agosto de 1995; Ley Núm. 43 de 21 de mayo de 1996. Huelga decir que dicha legislación fue promulgada con posterioridad al caso que hoy nos ocupa.

señalan las letras (a), (b) y (c) del Artículo 40, supra, (31 L.P.R.A. sec. 1293d).

En este último caso, específicamente este Tribunal expresó que:

"La razón bien fundada de esta distinción entre el adquirente voluntario y el involuntario radica en el disímil interés de uno y otro. El voluntario es un comprador que bien informado de los gravámenes y cargas del apartamiento lo adquiere porque es un buen negocio. El adquirente involuntario es originalmente un acreedor cuyo interés fundamental no es hacerse dueño del apartamiento sino proteger su acreencia constituida usualmente antes de que empiece a acumularse la deuda por gastos comunes del condominio. El adquirente voluntario tiene oportunidad y medios de enterarse de la deuda por gastos comunes del condominio y poder de decisión para asumirlos como gravamen del inmueble que adquiere. Para el adquirente involuntario, acreedor en uno de los tres casos del Art. 40, dicha deuda no es elemento u objeto de contratación y su acreencia no debe sufrir disminución porque el deudor incumpla otra obligación ajena y extraña a la suya. Bajo ninguna circunstancia sería equitativo exigir esa deuda al Estado o Municipio que ejecuta en cobro de contribuciones, al asegurador que exige judicialmente las primas de dos años o al acreedor hipotecario que ejecuta para recobrar el principal y los intereses pactados. Cualquiera de éstos sería un adquirente accidental que advendría dueño sólo en el caso de que realizado el apartamiento en subasta pública ningún licitador se presentara y hubiere entonces el ejecutante que tomar la propiedad en pago total o parcial de su acreencia como único recurso para proteger su crédito". (Énfasis suplido.) Asoc. de Condómines v. Naveira, ante, pág. 97.

Sin lugar a dudas, Doral es un adquirente involuntario. Del expediente claramente se desprende que Doral es un acreedor cuyo interés fundamental no es hacerse dueño del apartamiento sino proteger su acreencia constituida como hipoteca en segundo y tercer rango. Su compra del crédito litigioso corresponde más bien al rango de su crédito en el Registro de la Propiedad. Esto es, siendo Popular el acreedor en primer rango, Doral no hubiese podido salvaguardar su crédito hipotecario de otra manera.

Así pues, siendo Doral un adquirente involuntario y, por ende, que no es responsable de los deberes y responsabilidades que tenía Pablo Alicea para con el Condominio, la solicitud de éste fue correctamente denegada toda vez que el Condominio no podía intentar

cobrar la deuda a Doral. Por ello, no tenía derecho a intervenir en el pleito ni tampoco el tribunal, a su discreción, debía permitirlo.

Por todo lo antes expuesto es que concurrimos con la Sentencia del Tribunal.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado