Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| CONSEJO DE TITULARES DEL CONDOMINIO CONDADO PLAZA<br><br>Recurrido<br><br>v.<br><br>SUCESIÓN RYNALDO BARLETTA BLASINI, SUCESIÓN NAOMI BARLETTA BLASINI, SUCESIÓN AIDA EMMA BARLETTA BLASINI Y OTROS<br><br>Demandados<br><br>PIEDRAS BLANCAS RENTAL CORP.<br><br>Peticionario | TA2026CE00114 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2022CV09513<br><br>Sobre: Cobro de Dinero – Ordinario, Ley de Condominios |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 13 de febrero de 2026.

Comparece Piedras Blancas Rental Corp., mediante el recurso de epígrafe[1] y nos solicita que revoquemos la *Resolución* emitida el 25 de febrero de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan, la cual fue notificada el 3 de octubre de 2025. Mediante esta, el foro primario declaró No Ha Lugar la solicitud de intervención instada por la parte apelante.

Por los fundamentos que se exponen a continuación, se confirma el dictamen apelado.

---

[1] Piedras Blancas Rental Corp., presentó el recurso de epígrafe como una apelación y no como un *certiorari*, tras razonar que la denegatoria de una solicitud de intervención tiene carácter final respecto a su reclamación, por lo que, en estricto derecho, aunque se trate de una *Resolución*, debe verse como una sentencia apelable ante este Foro.

**I**

El 28 de octubre de 2022, el Consejo de Titulares del Condominio Condado Plaza (Consejo de Titulares o parte apelada), instó una *Demanda* sobre cobro de dinero ordinario en contra de la Sucesión Rynaldo Barletta Blasini, otras varias sucesiones y los demás codemandados de epígrafe.[2] En esencia, mediante la *Demanda* de epígrafe, el Consejo de Titulares alegó la existencia de deudas por cuotas de mantenimiento, derramas, así como la aplicabilidad de alegados recargos y penalidades, con relación al apartamento 6A del Condominio Condado Plaza.

En consecuencia, y debido a que asegura tener un interés propietario en el inmueble, el 14 de junio de 2024, Piedras Blancas Rental Corp. (Piedras Blancas) presentó una *Solicitud de Intervención* en el caso de epígrafe.[3] Por su parte, el 8 de julio de 2024, la parte apelada presentó una *Oposición a Solicitud de Intervención*[4] y, el 8 de agosto de 2024, Piedras Blancas replicó.[5]

Así las cosas, con el propósito de considerar la *Solicitud de Intervención*, el 24 de febrero de 2025, el foro primario llevó a cabo una vista, tras lo cual emitió una *Resolución*, en virtud de la cual la declaró No Ha Lugar. El referido dictamen fue notificado el 26 de febrero de 2025.[6]

Insatisfecho, el 12 de marzo de 2025, Piedras Blancas instó una *Reconsideración*.[7] Por su parte, el 31 de marzo de 2025, el Consejo de Titulares presentó una *Oposición a Reconsideración*.[8] Tras evaluarlas, el 2 de abril de 2025, el foro *a quo* emitió una

---

[2] Entrada núm. 1 del caso núm. SJ2022CV09513 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Entrada núm. 147 del caso núm. SJ2022CV09513 del SUMAC.
[4] Entrada núm. 152 del caso núm. SJ2022CV09513 del SUMAC.
[5] Entrada núm. 155 del caso núm. SJ2022CV09513 del SUMAC.
[6] Entrada núm. 166 del caso núm. SJ2022CV09513 del SUMAC.
[7] Entrada núm. 167 del caso núm. SJ2022CV09513 del SUMAC.
[8] Entrada núm. 172 del caso núm. SJ2022CV09513 del SUMAC.

*Resolución*, que fue notificada al día siguiente.[9] Mediante esta, declaró No Ha Lugar la reconsideración.

Aun inconforme, el 5 de mayo de 2025, Piedras Blancas instó el recurso de apelación núm. KLAN202500387. Evaluado este, uno de nuestros paneles hermanos emitió una *Sentencia* el 24 de junio de 2025, la cual fue notificada el 1 de julio de 2025.[10] En virtud de esta, y en consideración a que el dictamen apelado no había sido notificado a las partes en rebeldía, el Tribunal de Apelaciones desestimó el recurso por falta de jurisdicción. Así, devolvió el caso ante la consideración del foro *a quo*, para que notificase la *Resolución* a todas las partes, incluidas aquellas en rebeldía.

Así las cosas, el **3 de octubre de 2025**, el foro primario emitió y notificó una *Orden* en la que expresó haber recibido el mandato del Tribunal de Apelaciones en el caso núm. KLAN202500387. De conformidad, ordenó a la Secretaría a notificar la *Resolución* recurrida a todas las partes, incluidas aquellas en rebeldía.[11] De forma cónsona, ese mismo día la Secretaría emitió notificaciones enmendadas y volvió a notificar la *Resolución* recurrida.

Inconforme, el 20 de octubre de 2025, Piedras Blancas instó una *Moción de Reconsideración*.[12] Por su parte, el 14 de noviembre de 2025, el Consejo de Titulares presentó *Oposición a Moción de Reconsideración*.[13] Luego de evaluar ambas posturas, el foro *a quo* declaró No Ha Lugar la reconsideración, mediante una *Resolución* emitida y notificada el 8 de diciembre de 2025.[14]

El 11 de diciembre de 2025, el Consejo de Titulares presentó una *Moción solicitando notificación de Resolución a todas las partes*.[15] Como remedio, le solicitó al foro primario que le ordenase

---

[9] Entrada núm. 176 del caso núm. SJ2022CV09513 del SUMAC.
[10] Entrada núm. 181 del caso núm. SJ2022CV09513 del SUMAC.
[11] Entrada núm. 183 del caso núm. SJ2022CV09513 del SUMAC.
[12] Entrada núm. 190 del caso núm. SJ2022CV09513 del SUMAC.
[13] Entrada núm. 198 del caso núm. SJ2022CV09513 del SUMAC.
[14] Entrada núm. 199 del caso núm. SJ2022CV09513 del SUMAC.
[15] Entrada núm. 201 del caso núm. SJ2022CV09513 del SUMAC.

a la Secretaría notificar la *Resolución* del 8 de diciembre de 2025 "a todas las partes, hayan o no comparecido en autos". Ese mismo día, el foro *a quo* declaró Ha Lugar dicha petición y le ordenó a la Secretaría notificar "la resolución en la entrada SUMAC 199 a todas las partes en el caso independientemente de [que] hayan comparecido o no".[16]

Por su parte, el 18 de diciembre de 2025, Piedras Blancas presentó un escrito que tituló *Moción solicitando notificación adecuada de determinación final*.[17] En síntesis, adujo que, debido a que la *Resolución* del 25 de febrero de 2025, notificada el 3 de octubre de 2025, adjudica todas las controversias que le planteó a dicho foro sobre su solicitud de intervención, esta debe considerarse una sentencia, y no una resolución. De forma cónsona con dicho razonamiento, y de conformidad con la Regla 65.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3(c), solicitó del foro primario que, en consideración a que hay partes en rebeldía que nunca comparecieron al pleito, ordene la publicación del edicto correspondiente.

Así las cosas, el 7 de enero de 2026, el Consejo de Titulares instó un escrito en el que se opuso a la petición de Piedras Blancas.[18] En esencia, argumentó que esta es improcedente, debido a que demuestra que Piedras Blancas tergiversó la *Sentencia* emitida por el foro apelativo intermedio en el caso núm. KLAN202500387. Ello, en la medida que ignora que la denegatoria de una solicitud de intervención no resuelve controversias entre las partes en el litigio. Por tanto, consideró desacertada la pretensión de Piedras Blancas de extender el alcance de la Regla 65.3(c) de Procedimiento Civil,

---

[16] Entrada núm. 202 del caso núm. SJ2022CV09513 del SUMAC.
[17] Entrada núm. 204 del caso núm. SJ2022CV09513 del SUMAC.
[18] Entrada núm. 212 del caso núm. SJ2022CV09513 del SUMAC.

*supra*, a la notificación de resoluciones. Por su parte, al día siguiente, Piedras Blancas replicó.[19]

En fin, luego de evaluar la postura de las partes, el 12 de enero de 2026, el foro primario declaró No Ha Lugar la *Moción solicitando notificación adecuada de determinación final* instada por Piedras Blancas el 18 de diciembre de 2025.[20] Por encontrarse en desacuerdo, el 12 de enero de 2026, Piedras Blancas acudió ante nos mediante el recurso de epígrafe, en el que adujo que el foro *a quo* cometió los siguientes errores:

> Erró el TPI al declarar No Ha Lugar a la solicitud de intervención de Piedras Blancas a tenor con la Regla 21.1(b) de Procedimiento Civil a pesar de los derechos adquiridos por la apelante sobre el apartamento 6A y de su autoridad para negociar y pagar las cuotas de mantenimiento objeto de la demanda de conformidad al contrato entre esta y el contador partidor, Lcdo. Miguel García Suárez.

> Erró el TPI al denegar la intervención de Piedras Blancas en el caso de cobro de dinero sobre el cobro de las alegadas cuotas de mantenimiento del apartamento 6A, a pesar de esta haber pactado la compraventa del mismo y de haber invertido sobre $200,000.00 en este entre pronto pago y remodelación, evidenciado tanto con el contrato como con su inversión, su derecho o interés sustancial en la propiedad o asunto en el litigio, el cual quedaría fatalmente afectado si no se le permitiese intervenir para que se adjudiquen sus defensas precisamente sobre la deuda reclamada por la demandante con relación al apartamento 6A del Condominio Condado Plaza.

Luego de una evaluación preliminar del recurso de epígrafe, el 16 de enero de 2026 este Foro emitió una *Resolución*. Mediante esta, le ordenamos a Piedras Blancas que, en o antes del 21 de enero de 2026, mostrara causa por la cual no procedía la desestimación del recurso ante nos, por falta de jurisdicción. En específico, le solicitamos que aclarase un señalamiento consignado en el recurso, respecto a que el término para apelar no ha comenzado a decursar.

---

[19] Entrada núm. 213 del caso núm. SJ2022CV09513 del SUMAC.

[20] Entrada núm. 214 del caso núm. SJ2022CV09513 del SUMAC. Nótese que, aunque en la entrada 214 el foro primario expresó que declaraba No Ha Lugar la moción en la entrada SUMAC 201, salta a la vista que se trata de que una inadvertencia de dicho foro y que, en realidad, se refiere a la *Moción solicitando notificación adecuada de determinación final* instada por Piedras Blancas el 18 de diciembre, **la cual consta en la entrada 204 de SUMAC**.

Tras acreditar justa causa para su dilación en comparecer, el 26 de enero de 2026, Piedras Blancas presentó una *Moción en Cumplimiento de Orden*. En virtud de dicha comparecencia, reiteró que presentó el recurso de epígrafe para "preservar" su derecho de apelar ya que, a su juicio, dicho término no ha comenzado a decursar. Ello, "por razón de que la Resolución que dispuso finalmente de la reclamación del apelante no ha sido notificada conforme a derecho según ordenada por el TPI [...]".

Luego de considerar lo planteado por Piedras Blancas en la *Moción en Cumplimiento de Orden* presentada, el 28 de enero de 2026 emitimos una *Resolución*, que fue notificada el 30 de enero de 2026. Mediante esta, instruimos a nuestra Secretaría que el recurso ante nos es, en realidad, un *certiorari*, por lo que procedía realizar el cambio correspondiente de materia en nuestro sistema alfanumérico.[21] Asimismo, le concedimos a la parte apelante un término de diez (10) días para presentar su posición en cuanto a los méritos del recurso.

Por su parte, 5 de febrero de 2026, la parte apelada presentó un escrito que tituló *Oposición a Expedición de Recurso de Certiorari*. En esencia, adujo que el recurso de epígrafe no satisface los requisitos de la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, para que proceda la expedición del auto discrecional. Asimismo, resaltó que Piedras Blancas incumplió con los requisitos de la Regla 21.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.4, en la medida que omitió acompañar la alegación que motivaba su solicitud de intervención; entiéndase, si pretendía intervenir como

---

[21] Sin embargo, luego de una evaluación más detallada del caso, coincidimos con Piedras Blancas en que procede atender el recurso como una *apelación*. *Doral Mortgage v. Alicea,* 147 DPR 862, 870 (1999) (Opinión concurrente del Juez Asociado Rebollo López). Sin embargo, para fines administrativos y con el propósito de abonar a la economía procesal, se conserva la actual codificación alfanumérica de epígrafe.

demandante, su demanda, o, en caso de que interesara intervenir como demandado, su contestación a la demanda.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso de epígrafe.

**II**

La Regla 21 de Procedimiento Civil, 32 LPRA Ap. V, R. 21, permite la intervención de un tercero en un pleito, ya sea como cuestión de derecho o como intervención permisible. La intervención como cuestión de derecho se encuentra codificada en la Regla 21.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.1. La referida disposición establece lo siguiente:

> Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir; (b) cuando el solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pueda, de hecho, quedar afectado por la disposición final del pleito.

La intervención es un mecanismo procesal y, por tanto, no es fuente de derechos sustantivos ni establece una causa de acción. Por tanto, se trata "simplemente [de] una disposición mediante la cual una persona que no es parte en el pleito comparece, voluntariamente o por necesidad, a presentar una reclamación o una defensa, en una acción pendiente, y convertirse de ese modo en parte para fines de la reclamación o defensa presentada". *I.G. Builders v. B.B.V.A.P.R.,* 185 DPR 307, 320-321 (2012), citando a *Tratado de Derecho Procesal Civil,* 2da. ed., LexisNexis, San Juan, 2011, T. II, pág. 779.

El Tribunal Supremo ha establecido que, al evaluar una solicitud de intervención, los tribunales deben determinar si existe un interés que amerite protección y en qué medida ese interés quedaría afectado, como cuestión práctica, por la ausencia del interventor. *I.G. Builders v. B.B.V.A.P.R.,* supra, citando a *S.L.G. Ortiz-Alvarado v. Great American,* supra, pág. 80. Este análisis debe

ser práctico y no conceptual. Ello, en la medida que el propósito de este mecanismo procesal es la protección a personas con intereses variados. *R. Mix Concrete v. R. Arellano & Co.*, 110 DPR 869, 873 (1981). Sin embargo, este análisis variará en cada pleito, por lo que la determinación dependerá del balance de los valores encontrados, de la economía procesal en contraposición a la rápida dilucidación de la acción pendiente. *Chase Manhattan Bank v. Nesglo Inc.*, 111 DPR 776, 770 (1981).

Por otra parte, es norma reiterada que las disposiciones sobre el mecanismo de intervención deben interpretarse de manera liberal. No obstante, ello no implica que su uso sea ilimitado y que requiera un fallo a favor de la intervención. *Rivera v. Morales*, 149 DPR 672, 689 (1999); reiterado en *I.G. Builders v. B.B.V.A.P.R.*, supra, pág. 321. Por tanto, las solicitudes de intervención no se deben evaluar desde una perspectiva conceptual, sino práctica, por lo que se trata de un análisis pragmático. *R. Mix Concrete v. Ramírez de Arellano & Co.*, supra, pág. 873. En fin, procede considerar si la ausencia de un interventor podría poner en riesgo un interés que amerite protección. *Chase Manhattan Bank v. Nesglo, Inc.*, supra, pág. 770.

El procedimiento para solicitar la intervención está codificado en la Regla 21.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.4. La referida regla dispone como sigue:

> Toda persona que desee intervenir notificará su solicitud de intervención a todas las partes conforme lo dispuesto en la Regla 67. La solicitud expondrá las razones en que se base y **se acompañará de una alegación en que se establezca la reclamación o defensa que motive la intervención**. (Negrillas suplidas).

En lo pertinente, destacamos que la Regla 42.1 de Procedimiento Civil, *supra*, define la sentencia como "cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse". Nuestro Alto Foro ha dispuesto que una sentencia le pone fin a la

controversia mediante una adjudicación final, de manera que reste solamente ejecutarla. *García v. Padró*, 165 DPR 324, 332 (2005). De modo similar, la Regla 42.3 de Procedimiento Civil codifica las sentencias parciales o "sentencias sobre reclamaciones o partes múltiples". En lo pertinente, dispone lo siguiente:

> Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero, o figuren en él partes múltiples, **el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito**, siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia.

Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3. (Negrillas suplidas).

Así, es principio básico de derecho apelativo que las sentencias finales son revisables por el Tribunal de Apelaciones mediante el recurso de apelación. Art. 4.006 (a) de la Ley Núm. 201-2003, 4 LPRA sec. 24y(a), conocida como *Ley de la Judicatura de Puerto Rico del 2003*. En cuanto a la denegatoria de una solicitud de intervención, el Tribunal Supremo ha expresado que consiste de una orden final para quien la solicita, por lo que está sujeta a revisión apelativa, aunque sea una resolución. *Doral Mortgage v. Alicea*, 147 DPR 862, 870 (1999) (Opinión concurrente del Juez Asociado Rebollo López).

A la luz de la normativa antes expuesta, procedemos a disponer del caso ante nuestra consideración.

### III

A continuación, procedemos a la discusión conjunta de los señalamientos de error esbozados por Piedras Blancas, debido a que se encuentran estrechamente relacionados. Mediante estos, la parte apelante adujo que el foro *a quo* erró al declarar No Ha Lugar su solicitud de intervención como cuestión de derecho. Ello, de conformidad con la Regla 21.1(b) de Procedimiento Civil, *supra*, a

pesar de los derechos que adquirió sobre el inmueble, así como de su autoridad para negociar y pagar las cuotas de mantenimiento objeto de la *Demanda,* conforme al contrato que suscribió con el contador partidor.

Asimismo, Piedras Blancas adujo que el foro *a quo* erró al denegar su solicitud de intervención, a pesar de que pactó la compraventa del inmueble e invirtió sobre $200,000.00 en este, entre pronto pago y remodelación. A juicio de la parte apelante, el interés propietario que ostenta -y que justifica su solicitud de intervención- quedó evidenciado, tanto con el contrato como con la inversión monetaria realizada. De este modo, es la postura de la parte apelante que su derecho y su interés sustancial en la propiedad, o asunto en el litigio, quedarían fatalmente afectados si no se le permite intervenir. En ese sentido, argumenta que, de autorizarse su intervención, el foro primario podría adjudicar sus defensas sobre la deuda reclamada. Como veremos a continuación, estos errores no se cometieron.

Como parte de la argumentación de los señalamientos de error formulados, Piedras Blancas sostiene que el 27 de diciembre de 2017, suscribió un contrato con el contador partidor, Lcdo. Miguel García Suárez (licenciado García Suárez), en representación de la parte vendedora, mediante el cual se pactó la compraventa del Apartamento 6A, por la suma de $250,000.00. Asimismo, que se delimitaron las condiciones de la compraventa y que esta se formalizaría mediante la escritura correspondiente, dentro del término de treinta (30) días a partir de la fecha en que el licenciado García Suárez adquiriese la notificación del Departamento de Hacienda en la que se expidiesen los relevos correspondientes, o una autorización judicial. Lo anterior, a pesar de que el contrato en cuestión se tituló *Contrato de Opción de Compra.* Basado en ello, la parte apelante asegura que adquirió la posesión, así como el uso y

disfrute del inmueble objeto de litigio. No le asiste la razón a la parte apelante.

En primer lugar, cabe destacar que el contrato suscrito por Piedras Blancas con el licenciado García Suárez no solo se titula *Contrato de Opción de Compra*, sino que, en virtud de este, las partes expresamente acordaron que Piedras Blancas *interesaba* adquirir la propiedad. Asimismo, acordaron y estipularon "otorgarse entre sí una *opción* para la compra de la propiedad [...]".[22] (Bastardillas suplidas). De este modo, sin pasar juicio sobre asuntos que puedan estar sujetos a adjudicación posterior por parte del foro *a quo*, y basado en lo que se desprende de la faz del contrato, no surge que se haya perfeccionado una compraventa que revista a la parte apelante de los derechos propietarios que reclama como fundamento a su solicitud de intervención.

De otra parte, en la *Oposición a Expedición de Recurso de Certiorari* presentada ante este Foro, el Consejo de Titulares subrayó que Piedras Blancas incumplió con los requisitos de la Regla 21.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.4. Ello, en la medida que omitió acompañar la alegación que motivaba la solicitud de intervención presentada; entiéndase, si pretendía intervenir como demandante, su demanda, o, en caso de que interesara intervenir como demandado, su contestación a la demanda. Tiene razón la parte apelada.

De un examen de los autos, surge que, el 14 de junio de 2024, Piedras Blancas presentó ante el foro primario un escrito que tituló *Solicitud de Intervención*.[23] Sin embargo, si bien en el referido escrito la parte apelante argumentó las razones por las que entiende que procede su solicitud de intervención como cuestión de derecho, de

---

[22] Entrada núm. 164 del caso núm. SJ2022CV09513 del SUMAC. (Anejo 2 del documento principal).
[23] Entrada núm. 147 del caso núm. SJ2022CV09513 del SUMAC.

conformidad con la Regla 21.1(b) de Procedimiento Civil, *supra*, omitió acompañar su alegación correspondiente como potencial interventor; es decir, la "alegación en la que se establezca la reclamación o defensa que motive la intervención".[24]

Basado en lo anterior, concluimos que no erró el foro *a quo* al denegar la solicitud de intervención instada por Piedras Blancas. En consecuencia, procede confirmar el dictamen apelado.

**IV**

Por los fundamentos que anteceden, se confirma el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[24] Regla 21.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 21.4.